UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RUSTY M. LEBLANC, et al.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-1495** |
| | * | |
| **W-INDUSTRIES OF LOUISIANA, L.L.C.** | * | **SECTION "N"(1)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Third Party Defendant Anadarko Petroleum Corporation's Motion for

Summary Judgment (Rec. Doc. No. 18).  For the following reasons, the motion is granted.

**I.      BACKGROUND**

Plaintiff, Rusty LeBlanc ("LeBlanc"), was employed as a welder by Dolphin Services

("Dolphin") and was assigned to a crew working on the Marco Polo TLP (the "Marco Polo"), a

tension leg platform that is owned and operated by Anadarko Petroleum Corporation

("Anadarko").  The Marco Polo, which services six delineation wells, is anchored to the seabed

and located in Green Canyon Block 608, which is approximately 150 miles south of New

Orleans on the Outer Continental Shelf ("OCS") in the Gulf of Mexico.  LeBlanc alleges that on

November 21, 2006, he sustained serious and disabling injuries, including injuries to his lumbar

spine, when a piece of pipe suddenly and unexpectedly sprang upwards causing him to fall.  The

pipe allegedly extended over a designated walkway and was being cut by an employee of W-

Industries of Louisiana, L.L.C. ("W-Industries") when the pipe struck the plaintiff.

Anadarko hired W-Industries to install control and safety systems on the Marco Polo and provide the necessary technical services. Anadarko and W-Industries are parties to a Master Services Contract ("MSC") requiring W- Industries to provide "instrumentation and electrical installation of control systems and associated technical services," such as those being performed by the W-Industries employee at the time of the alleged incident.  The MSC also contains an indemnity clause requiring Anadarko to indemnify W-Industries for any injuries suffered by Anadarko's employees, Anadarko's subcontractors, and their employees "arising out of or resulting from the performance of this agreement." (Rec. Doc. 18, Ex. A).

LeBlanc sued W- Industries  in this court asserting claims under the Outer Continental Shelf Lands Act ("OCSLA") and Louisiana law.  (Rec. Doc. 1).  LeBlanc alleges that the injuries to his spine and body were caused by the negligence of W- Industries, and he seeks damages for past and future physical pain, mental pain and suffering, medical expenses, and loss of wages.

W- Industries, in turn, filed a third party complaint against Anadarko seeking defense and indemnity pursuant to the MSC.  (Rec. Doc.  4).  Anadarko now moves for summary judgment asking the Court to dismiss the third-party complaint, arguing that the indemnity provision in the MSC is void under the Louisiana Oilfield Anti-Indemnity Act ( "LOIA").

W- Industries opposes the motion for summary judgment and argues that the policy intent behind the LOIA does not include this situation.  They contend that the Louisiana Legislature was concerned with protecting smaller contractors, like W- Industries, from larger contractors by voiding any indemnity agreement between them.  W- Industries argues that it is against public policy to enforce the LOIA in this case because W- Industries, the smaller contractor,  is trying to enforce the indemnity agreement.

II.     **LAW & ANALYSIS**

Summary Judgement will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law.  Fed R. Civ P. 56.  When considering a motion for summary judgement, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  If the party moving for summary judgement demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Boimedical Labs.*, *Inc.,* 61 F.3d 313, 315 (5th Cir. 1995).

Anadarko argues that because this case arises under the OCSLA, the Court must apply Louisiana law as a surrogate to federal law.  Under the LOIA, any indemnity agreement pertaining to an oil well and involving the exploration, development, production or transportation of resources from the well is void.  La. Rev. Stat. § 9:2780(B) & (C).  Anadarko argues that the MSC at issue is an agreement relating to the exploration, development, production, or transportation of oil from a well and, therefore, the indemnity provision is void.

LeBlanc asserts claims under the  OCSLA for negligence.  Under the OCSLA, any structure  permanently attached to the outer continental shelf that is not a vessel or a ship and engaged in the exploration, development, or production of resources is governed by the OCSLA. 43 U.S.C. § 1333(a)(2)(A).  The OCSLA further mandates that courts apply the adjacent state's law as surrogate federal law.  *Id.*  Fixed platforms, such as the Marco Polo, are not considered vessels or ships and therefore the OCSLA applies. *See Fields v. Pool Offshore, Inc.*, 182 F.3d

3

353, 359 (5th Cir. 1999).  All of the alleged incidents in this case took place on the Marco Polo, and, as stated above,  the Marco Polo is attached to the seabed of the outer continental shelf in Green Canyon Block 608, which is 150 miles south of New Orleans.  Louisiana is the adjacent state to the Marco Polo, therefore according to the OCSLA, Louisiana law applies.

Accidents occurring on structures in the Gulf to which Louisiana law applies, are governed by the LOIA.  *Meloy v. Conoco, Inc.,* 817 F.2d 275, 280 (5th Cir. 1987).  In order for the LOIA to apply, two factors must be met.  First, the contract in dispute must relate to a well; second, the contract must involve the exploration, development, production, or transportation of oil, gas or water.  *Transcontinental Gas Pipeline Corp. v. Transportation Ins. Co.*,  953 F.2d 985 (5th Cir. 1992).  If both of these factors are met, the LOIA applies, and any indemnity provision contained therein is void and unenforceable. *Id*.

W- Industries, pursuant to the MSC, was contracted for the instrumentation and electrical installation of control systems, safety systems, and associated technical services on the Marco Polo (Rec. Doc. 18).  The MSC between Anadarko and W- Industries involves performance of work on the Marco Polo, which services six delineation wells on the outer continental shelf. (Rec. Doc. 18, Ex. B).  Any offshore production platform that services one or more wells is considered to be one well for the purposes of the LOIA. *Id.* at 995.  Therefore, the contract in dispute relates to a well.

The LOIA is applicable to contracts that deal with services that are essential not only to the production of oil, but to the operation of the platform as well.  *Copous v. Odeco Oil & Gas Co.*, 835 F.2d 115, 117 (5th Cir 1988).  LeBlanc states in his complaint that he was walking on the Marco Polo when he was struck by a piece of pipe being cut by a W-Industries employee.

4

The pipe that allegedly struck LeBlanc  was a drainage pipe associated with the living quarters of the Marco Polo. Any constructions or repairs to living quarters on a manned platform are essential to its operation.  *Id.*  Anadarko contracted with W- Industries to perform services that are necessary to the operation of the Marco Polo, and therefore, the second requirement of the LOIA is fulfilled.

W-Industries argues that intentions of legislature in passing the LOIA are not present in this case.  It contends  that the Louisiana Legislature was concerned with protecting the smaller contractors by voiding defense and indemnity agreements signed with larger contractors.  W- Industries alleges that it is the smaller contractor in this case.  As the smaller contractor, it is seeking to enforce the indemnity agreement, and therefore the policy concerns of the Louisiana Legislature are absent in this case.  However, the policy concerns cited by W- Industries do not preclude the application of the LOIA.  The LOIA is applicable to this case and the Court is bound to apply it.  Therefore, the indemnity agreement between Anadarko and W- Industries is void and unenforceable.

## III.    CONCLUSION

Accordingly, **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 18)** is **GRANTED**.

New Orleans, Louisiana, this 14th day of July, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**